**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**THOMAS HESTAND,**

      **Plaintiff,**

                               **Civil No: 2:08-CV-10822**
                               **HONORABLE PAUL D. BORMAN**
**v.**                              **UNITED STATES DISTRICT COURT**

**UNITED STATES DEPARTMENT OF**
**JUSTICE, et. al.,**

      **Defendants.**
_____/

## OPINION & ORDER OF SUMMARY DISMISSAL

### I.  INTRODUCTION

Thomas Hestand, ("Plaintiff"), presently confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* request for judicial review and relief pursuant to the provisions of the Administrative Procedure Act, 5 U.S.C.§§ 701-706.  Plaintiff alleges that the Bureau of Prisons ("BOP") has wrongly assigned him a "Public Safety Factor" in his custody classification status, by designating his federal conviction for using a computer or the mails to attempt to persuade a minor to engage in illegal sexual acts, in violation of 18 U.S.C. § 2242(b), as a crime of violence. Plaintiff seeks declaratory and injunctive relief against the Defendants to have them remove Plaintiff's "Public Safety Factor" designation from his custody classification status and to remove any other references in his prison files which would refer to his criminal conviction as a crime of violence.  For the reasons stated below, the complaint is DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### II.  STATEMENT OF FACTS

Plainitff pleaded guilty in the United States District Court for the Northern District of Ohio of one count of using a computer or the mails to attempt to persuade a minor to engage in illegal sexual acts, in violation of 18 U.S.C.§ 2242(b). Plaintiff was sentenced on September 28, 2005 to sixty months in prison.

Plaintiff claims that the defendants have wrongly assigned him a "Public Safety Factor" with respect to his custody classification status, by categorizing his conviction as a crime of violence. Plaintiff claims that this designation prevents him from being eligible for transfer to a lower security prison facility, from being eligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e), and from being eligible for placement in a Community Corrections Center or home confinement.

## III. STANDARD OF REVIEW

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997). The screening provisions of the PLRA apply to actions brought by prisoners pursuant to the Administrative Procedure Act. *See Sample v. Federal Bureau of Prisons,* 88 Fed. Appx. 704 (5th Cir. 2004); *Cf. Krilich v. Federal Bureau of Prisons,* 346 F. 3d 157, 159 (6th Cir. 2003) (Administrative Procedure Act claim brought by prisoner subject to PLRA's exhaustion

requirement).

## IV.  DISCUSSION

In 1994, Congress passed the Violent Crime and Control Act of 1994 ("Act").  Part of the Act directed the BOP to make appropriate substance abuse treatment available for each prisoner the Bureau determines has a treatable condition of substance abuse or addiction.  18 U.S.C. § 3621(b). As an incentive to get inmates to participate in these programs, Congress provided that:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Although Congress defined several terms contained in this subsection, it did not define the term "convicted of a nonviolent offense." *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001).

To implement the Act, as well as to establish certain criteria for sentence reductions under § 3621(e)(2)(B), the BOP promulgated 28 C.F.R. § 550.58 on May 25, 1995 and issued Program Statement (P.S.) 5162.02 on July 24, 1995.  28 C.F.R. § 550.58 defined "prisoner convicted of nonviolent offense" to mean a prisoner whose "current offense" does not meet the definition of "crime of violence" contained in 18 U.S.C. § 924 (c)(3).  28 C.F.R. § 550.58 also laid out certain criteria under which the BOP would categorically refuse to grant its discretion to grant early release.

In October of 1997, the BOP adopted a revised 28 C.F.R. § 550.58.  The revised regulation abandoned its incorporation of the crime-of-violence definition in 18 U.S.C. § 924 (c)(3) and adopted new criteria for determining an inmate's eligibility for early release for participation in a drug treatment program.  28 § C.F.R. 550.58(a)(1)(vi)(A) indicates that inmates whose current

offense is a felony which involved an element of the actual, attempted, or threatened use of physical force against the person or property of another were not eligible for early release under § 3621 (e)(2)(B). *See Perez,* 157 F. Supp. 2d at 794.

To aid BOP staff in understanding and implementing these amendments to Section 550.58, the BOP issued Program Statement 5162.04, "Categorization of Offenses", effective October 9, 1997. Section 2 of P.S. 5162.04 provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." Section 6 of P.S. 5162.04 specifically categorizes as a crime of violence in all cases a conviction under 18 U.S.C. § 2242 for "sexual abuse."

In *United States v. Munro*, 394 F. 3d 865 (10th Cir. 2005), the Tenth Circuit held that a defendant who had been convicted of attempting to entice a minor to engage in illicit sexual activity in violation of 18 U.S.C. § 2242(b) had committed a crime of violence, in order to sustain the defendant's separate conviction of carrying a firearm during the commission of a violent crime, in violation of 18 U.S.C. § 924(c). In the *Munro* case, the defendant used the Internet to persuade a minor to engage in sexual acts, then attempted to meet the minor for the purpose of engaging in sex. The Tenth Circuit stated that "the risk involved in attempted sexual abuse of a minor is significant enough to render it a crime of violence. . . ." *Id.* at 871.

In *United States v. Smith,* 20 Fed. Appx. 412, 418 (6th Cir. 2001), the Sixth Circuit held that the defendant's convictions for use of computer to entice a minor to travel interstate to engage in unlawful sex, and interstate transportation of a minor to commit illegal sex acts, inherently posed a serious potential risk of physical injury to the victim. The Sixth Circuit concluded that each conviction therefore constituted a categorical "crime of violence" for purposes of determining

defendant's "career offender" status for sentencing purposes.

In *United States v. Champion,* 248 F. 3d 502, 505-06 (6th Cir. 2001), the Sixth Circuit held that the offense of sexually exploiting a minor, in violation of 18 U.S.C. § 2251(a), an offense similar to 18 U.S.C. § 2242(b), involved conduct that, by its nature, presented a serious potential risk of physical injury to another, and therefore, constituted a "crime of violence" within the meaning of the career offender guideline. Interestingly enough, the defendant in *Champion* had also been convicted of several other offenses, including the use of the Internet to coerce and entice a minor to engage in a sexual act, in violation of § 2242(b), but the Sixth Circuit did not rely on this conviction in upholding the defendant's sentence under the Federal Sentencing Guidelines as a career offender.

The Ninth Circuit has held that the offense of attempted interstate travel with the intent to engage in sex with children, in violation of 18 U.S.C. § 2423(b), is a violent crime. *See United States v. Butler*, 92 F. 3d 960, 963-64 (9th Cir. 1996).

Finally, in *Koenemann v. Marberry*, No.06-10852, 2006 WL 1581431 (E.D. Mich. 2006) (unpublished), another judge in this district concluded that a federal prisoner's conviction for attempting to obtain a person for a commercial sex act while knowing that such person was a minor, in violation of 18 U.S.C.§ 1594(a), and attempting to travel in foreign commerce to engage in illicit sexual contact with a minor, in violation of 18 U.S.C. § 2423(e), constituted crimes of violence, so as to exclude the prisoner from being eligible for a one year sentence reduction pursuant to 18 U.S.C. § 3621(e).

This Court concludes from these opinions that Plaintiff's conviction under 18 U.S.C. § 2242(b), for using a computer or the mails to attempt to persuade a minor to engage in illegal sexual

acts, is a crime of violence. The mere attempt to engage in illicit sexual activity with a minor is sufficient to deem the offense a crime of violence. Therefore, the BOP did not err in assigning Plaintiff a "Public Safety Factor" with respect to his custody classification status.

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Complaint (Dkt. No. 1) is summarily **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).


s/Paul D. Borman                             
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 1, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 1, 2008.


s/Denise Goodine                             
Case Manager