UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS HESTAND,

        Plaintiff,

                                       Civil No: 2:08-CV-10822
                                       HONORABLE PAUL D. BORMAN
v.                                    UNITED STATES DISTRICT COURT

UNITED STATES DEPARTMENT OF
JUSTICE, et. al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING
## THE MOTION TO ALTER OR TO AMEND JUDGMENT

On May 1, 2008, this Court summarily dismissed plaintiff's request for judicial review and relief brought pursuant to the provisions of the Administrative Procedure Act, 5 U.S.C.§§ 701-706, in which plaintiff alleged that the Bureau of Prisons (BOP) wrongly assigned him a "Public Safety Factor" in his custody classification status, by designating his federal conviction for using a computer or the mails to attempt to persuade a minor to engage in illegal sexual acts, in violation of 18 U.S.C. § 2242(b), as a crime of violence. *See Hestand v. U.S. Dept. of Justice,* No. 2008 WL 1925057 (E.D. Mich. May 1, 2008).  Plaintiff has now filed a motion to alter or to amend judgment.  For the reasons stated below, the motion to alter or to amend judgment is denied.

A motion to alter or amend judgment brought by a *pro se* prisoner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

Eastern District of Michigan Local Rule 7.1(g)(3) provides that in order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002). A 'palpable defect' is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.* (citing E.D. MICH. L.R. 7.1(g)(3)); *See also Hence,* 49 F. Supp. 2d at 553.

Plaintiff's motion to alter or amend judgment will be denied, because plaintiff is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed plaintiff's request for judicial review brought pursuant to the Administrative Procedure Act. *Hence,* 49 F. Supp. 2d at 553.

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion to alter or amend judgment [Dkt. Entry # 8] is **DENIED.**

**SO ORDERED.**

**S/Paul D. Borman**
**PAUL D. BORMAN**
**UNITED STATES DISTRICT JUDGE**

**Dated:  February 9, 2009**

2

**CERTIFICATE OF SERVICE**

**Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 9, 2009.**

**S/Denise Goodine**
**Case Manager**